12-4430-cv
L.A. Printex Indus., Inc. v. Pretty Girl of Ca., Inc., et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of November, two thousand thirteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         CHESTER J. STRAUB,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - -X
L.A. PRINTEX INDUSTRIES, INC., a
California Corporation,
         Plaintiff-Appellant,

         -v.-                                    12-4430

PRETTY GIRL OF CALIFORNIA, INC., a New
York Corporation, individually and
doing business as Pretty Girl, PRETTY
GIRL, INC., a New York Corporation,
ALBERT NIGRI, an individual,
         Defendants-Appellees,

    and

Does 1-10,
         Defendants.
- - - - - - - - - - - - - - - - - - - - - -X

1

FOR APPELLANT:                     DANIELLE DERMESROPIAN (Vano I.
                                   Haroutunian, on the brief)
                                   Ballon Stoll Bader & Nadler,
                                   P.C., New York, New York.

FOR APPELLEES:                     STEPHEN DONIGER, Doniger /
                                   Burroughs, APC, Culver City,
                                   California, (Kevin C. Taylor,
                                   Schnader Harrison Segal & Lewis
                                   LLP, New York, New York, on the
                                   brief).


     Appeal from an order of the United States District Court for the Southern District of New York (Forrest, J.).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED**.

     L.A. Printex Industries, Inc. ("L.A. Printex") appeals an order of the United States District Court for the Southern District of New York (Forrest, J.), awarding it $40,000 in attorney's fees in its copyright infringement action against Albert Nigri and his companies, Pretty Girl of California, Inc. and Pretty Girl, Inc. On appeal, L.A. Printex argues that the district court committed an abuse of discretion by failing to award the full $103,385 it requested. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

     Section 505 of the Copyright Act provides that a district court may "in its discretion ... award a reasonable attorney's fee to the prevailing party" in a copyright action. 17 U.S.C. § 505. "When determining whether to award attorneys fees, district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." Bryant v. Media Right Productions, Inc., 603 F.3d 135, 144 (2d Cir. 2010). Here, the district court considered these factors, and determined that the defendants "asserted non-frivolous,

objectively reasonable defenses in a manner consistent with good faith litigation." It also found that "the substantial judgment rendered by the jury in favor of plaintiff amply serves the compensation and deterrence goals of the Copyright Act." The $40,000 award was an amount that the defendants conceded was appropriate.

The deference exercised in an abuse of discretion review "takes on special significance when reviewing fee decisions because the district court, which is intimately familiar with the nuances of the case, is in a far better position to make such decisions than is an appellate court, which must work from a cold record." McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 416 (2d Cir. 2010) (internal quotation marks and brackets omitted). Upon reviewing the record, we see no reason to upset the findings of the district court. Nor do we see any basis on which to conclude that the court committed an error of law or abused its discretion.

For the foregoing reasons, and finding no merit in L.A. Printex's other arguments, we hereby **AFFIRM** the order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3